IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CARING HEARTS HOSPICE, INC., )
                              )
        Plaintiff,             )
                              )
v.                             )   Case No. CIV-10-232-JHP
                              )
KATHLEEN SEBILIUS, Secretary   )
of United States Department    )
of Health and Human Services,  )
                              )
        Defendant.             )

## REPORT AND RECOMMENDATION

This matter comes before this Court on Plaintiff's Motion for Preliminary Injunction filed July 7, 2010 (Docket Entry #8). By Order entered July 9, 2010, United States District Judge James H. Payne, the judge presiding over this case, referred the subject Motion to the undersigned for the purpose of entering a Report and a Recommendation as to its final disposition.

Plaintiff provides hospice care for terminally ill patients in the Wright City, Oklahoma area. Specifically, Plaintiff provides durable medical equipment, medicines, and assistance to these patients requiring hospice care. The area serviced by Plaintiff is largely rural. Plaintiff, through its co-owner, Regina Lowery, offered testimony identifying a typical patient serviced by Plaintiff. The identified patient is bedfast, living in a nursing home, with feeding tube, not speaking, and living longer than anticipated. Because the nursing home is not sufficiently staffed, Plaintiff provides care to the patient throughout the dying

process.

Plaintiff was notified on February 2, 2010 by the Department of Health and Human Services ("HHS") demanding repayment of an alleged overpayment in the amount of $420,377 for the fiscal years 2007 and 2008. Plaintiff was given the choice of repaying the amount in full, having its reimbursement for hospice services rendered to Medicare patients withheld in total, or request an extended repayment plan and provide the first payment under the proposed plan. Plaintiff requested an extended repayment plan, proposing to make monthly payments in the amount of $7,006.29. During the course of negotiations and Plaintiff providing additional financial information, Defendant withheld Medicare reimbursements in May and June of 2010, placing Plaintiff in a precarious financial situation.

On July 1, 2010, Plaintiff initiated this action, contending the regulations upon which Defendant imposed a cap upon Medicare reimbursements for hospice care were invalid in light of Congressional enactments which stated an intent that no such cap exist for such reimbursements. Through the subject Motion, Plaintiff seeks a preliminary injunction to preclude Defendant from enforcing its directive to pay Medicare back the reimbursements which it contends exceeds the regulatory cap.

As an initial matter, Defendant asserts this Court lacks subject matter jurisdiction over the entirety of this action,

2

including the request for injunctive relief, because the administrative review process is ongoing. On April 26, 2010, Plaintiff sought administrative review of Defendant's decision for repayment to the Provider Reimbursement Review Board (the "Board"). Plaintiff alleged the regulation at issue establishing a cap on Medicare reimbursement for hospice care was invalid. On June 15, 2010, the Board issued a decision finding it lacked authority to decide the validity of the regulation.

Thereafter, on June 30, 2010, the Administrator of the Centers for Medicare & Medicaid Services (the "Administrator") on her own initiative notified Plaintiff that she intended to review whether the Board properly determined its own jurisdiction. On July 1, 2010, Plaintiff initiated this action.

Because the Administrator determined it appropriate to review the Board's decision, Defendant now contends jurisdiction is lacking in this Court. Certainly, exhaustion of administrative remedies is a prerequisite to judicial review in actions arising under the Medicare Act. Heckler v. Ringer, 466 U.S. 602, 606 (1984). The failure to exhaust deprives the court of jurisdiction to consider claims challenging the applicability of Medicare regulations. Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 6 (2000).

In the course of the Medicare administrative process, the Administrator under the agency's regulations may review the Board's

decisions, including a decision resulting in expedited judicial review, but not the Board's "determination in a decision of its authority to decide a legal question relevant to the matter at issue." 42 C.F.R. § 405.1875(a)(2)(iii). The Administrator must render a decision based upon the review within 60 days after the provider receives the Board's determination. 42 C.F.R. § 405.1875(e)(2). Under the regulations, a decision by the Board is inoperative during the 60 day period for review by the Administrator. 42 C.F.R. § 405.1842(g)(1)(iv).

Plaintiff attacks Defendant's assertions on two fronts. The first theory contends the Administrative Procedures Act authorizes a court reviewing an administrative decision to stay the effectiveness of the administrative action, pending the review. 5 U.S.C. § 705. Establishing the stay requires a finding that irreparable injury will result should the status quo not be maintained. Id. The problem with this statute conveying authority to the court to stay the effect of the administrative action is it obviously assumes the court has jurisdiction over the subject matter it is reviewing in order to impose a stay. Defendant is specifically challenging this Court's subject matter jurisdiction over an unexhausted administrative matter.

The second avenue taken by Plaintiff argues that the regulations permitting the Administrator to review the Board's decision to grant expedited judicial review are invalid and

unenforceable. Plaintiff's counsel argued at the hearing that the Congressional record stemming from consideration of the passage of the legislation giving rise to the Medicare process reveals an intent to create an expedited judicial review process that was, in fact, expedited, citing H.R. 1167 at page 394. Plaintiff appears to argue that the Administrator review portion of the process was created exclusively by agency regulation. However, the ability of the Secretary of Health and Human Services, and any designee, to review the Board's decision is a creature of statutory law. 42 U.S.C. § 1395oo(f)(1) ["A decision of the Board shall be final unless the Secretary, on his own motion, and within 60 days after the provider of services is notified of the Board's decision, reverses, affirms, or modifies the Board's decision."]; Indiana Hosp. Ass'n, Inc. v. Schweiker, 544 F.Supp. 1167, 1177-78 (S.D. Ind. 1982)["The delegations of authority to review (the Board's) decisions by the Secretary to the Administrator . . . were valid."] As a result, based upon the record developed at the hearing, this Court cannot conclude the process by which the Administrator is permitted to review the Board's decision is invalid as against statutory pronouncement.

Since Plaintiff has not yet exhausted the administrative process, this Court lacks subject matter jurisdiction to consider the request for preliminary injunction. Once the administrative review process is concluded, the request may be reasserted at a

later date, depending upon whether the agency's decision is altered.

While jurisdiction is lacking, the urgency of the circumstances faced by Plaintiff and its clients and dire consequences which most certainly will result from a drawn out administrative review is not lost on this Court. Plaintiff's presentation of evidence undoubtedly supported the finding of irreparable harm necessary for injunctive relief. Moreover, given the overwhelming legal authority finding against Defendant's regulatory scheme for reimbursement, it is suggested that the Administrator and Defendant act with perhaps unaccustomed alacrity in resolving this matter and preventing the potentially devastating effect upon the care of those terminally ill patients whose hospice care services are in jeopardy by the agency's inaction.

BASED UPON THE FOREGOING, IT IS THE RECOMMENDATION OF THE UNDERSIGNED that Plaintiff's Motion for Preliminary Injunction filed July 7, 2010 (Docket Entry #8) be **DENIED** at this time based upon a lack of subject matter jurisdiction in this Court.

The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of the judgment of the District Court based on such findings.

IT IS SO ENTERED this 22nd day of July, 2010.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE