# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

CARING HEARTS HOSPICE, INC., )
)
       Plaintiff, )
)
v. ) Case No. CIV-10-232-RAW
)
KATHLEEN SEBELIUS, Secretary )
of the U.S. Department of Health and )
Human Services, )
)
       Defendant. )

## ORDER

    Before the court are the motion of the plaintiff for preliminary injunction and the motion of the defendant to dismiss. Plaintiff is a Medicare certified hospice provider in Wright City, Oklahoma. As a hospice provider, it provides hospice care to eligible terminally-ill Medicare patients and services to their families. The federal government pays hospice providers pursuant to a Medicare program. The Department of Health and Human Services (HHS) administers the hospice benefit and reimburses hospice providers on a per diem basis for services to patients. Annual reimbursements are subject to an aggregate annual provider cap. Providers whose revenues from Medicare exceed their aggregate cap are subject to demands for repayment of the difference. HHS notified plaintiff on February 2, 2010, demanding repayment of an alleged overpayment in the amount of $420,377 for the fiscal years 2007 and 2008.

    Plaintiff brings this action asserting that the regulation governing calculation of the cap, 42 C.F.R. §418.309(b), conflicts with the plain language of the governing statute, 42

U.S.C. §1395f(i)(2)(C). Plaintiff seeks to enjoin defendant from enforcing its directive to pay the reimbursement. In separate litigation, this court has previously ruled (as have other courts) that the regulation under challenge is in fact invalid.

If a provider is dissatisfied with its payment determination, it may obtain a hearing before the Provider Reimbursement Board (PRRB or the Board), if the amount in controversy is $10,000 or more. *See* 42 U.S.C. §1395oo(a). If, however, the PRRB also determines that it lacks authority to decide a question of law presented by the appeal, provision exists for expedited judicial review (EJR) in lieu of an administrative hearing. *See* 42 U.S.C. §1395oo(f)(1); 42 C.F.R. §405.1842.

In the previous litigation before this court, the Board's EJR decision was unchallenged. In the case at bar, the defendant has purported to reverse and remand the PRRB's decision on the basis that the plaintiff did not establish that the jurisdictional amount of $10,000 was satisfied. Defendant argues that because of this reversal and remand, the Board's decision is not a final decision and thus this court lacks subject matter jurisdiction. Magistrate Judge West recommended denial of the plaintiff's motion for preliminary injunction on this basis, and the defendant's motion to dismiss raises the same issue.

This court finds itself persuaded by the thorough opinion in <u>American Hospice, Inc. v. Sebelius,</u> 08-cv-1879-JEO (N.D.Ala.)(Oct. 5, 2010). The opinion appears as Exhibit A to docket no. 20 in the case at bar. After reviewing pertinent authority, the Magistrate Judge in that case concluded that "additional review by the Secretary – even of only the

jurisdictional component of an EJR request – is exactly the type of unnecessary, time-consuming administrate process Congress intended to limit when it created the provision for expedited judicial review." (*Id.* at 22). Also rejecting defendant's present argument is Affinity Healthcare Services v. Sebelius, 10-cv-946-RMU (D.D.C.)(October 25, 2010). The opinion appears as Exhibit A to docket no. 27 in the case at bar[*].

Even considering the defendant's interpretation of the pertinent regulations, the court rejects the interpretation as arbitrary and capricious. As Judge Cauthron wrote in considering a similar argument: "To the extent Defendant argues the amount in controversy can only be demonstrated after comparison of the amount of any overpayment under the statute as opposed to the regulation, Defendant defines 'amount in controversy' too narrowly. The amount in controversy is determined by the nature of the controversy, which is defined in §1395oo(a)(1)(A)(i). Thus, the amount in controversy is the amount Defendant claims Plaintiff has been overpaid. . . . While ultimately Plaintiff may only recover a portion of that amount, the crucial question is the amount in dispute or the amount being challenged by Plaintiff's action." Compassionate Care Hospice v. Sebelius, CIV-09-28-C (W.D.Okla.)(June 7, 2010) at 4. (Exhibit 3 to docket no. 15 in the case at bar).

This is especially true of a case in which (as in Judge Cauthron's case), the plaintiff is challenging the very method of calculation itself. Plaintiff contends the regulation

---

[*]Defendant argues that Affinity is distinguishable because there the Secretary reversed and vacated the PRRB but did not remand for additional proceedings. Adopting this position would place district court jurisdiction under EJR at the whim of the Secretary.

describing a formula of calculation is invalid. Defendant contends that therefore plaintiff must present to the Board a calculation under the "statutory method." The court disagrees. Plaintiff would merely be guessing as to what the "statutory method" mandated. The purpose of the challenged regulation is to provide guidance as to what the statute requires. If the present regulation is ultimately deemed invalid, a new regulation must be promulgated to take its place. Until that time, Judge Cauthron's observation (that the entire amount under dispute must be considered) is correct.

Additionally, the defendant appears to interpret the regulations as providing it with <u>unfettered</u> discretion to reverse and remand the Board's decisions on the amount in controversy. Nothing appears in the HHS decision which would cabin its discretion on the matter. Thus, theoretically, plaintiff could return to the Board and seek to demonstrate that the $10,000 amount was satisfied and defendant could <u>again</u> reverse and remand, stating the presentation was still not satisfactory. The process could be repeated over and over, until plaintiff was forced to give up. Such an outcome would make a mockery of a process called expedited judicial review. Rather like the famous statement about the Holy Roman Empire, EJR would be neither expedited nor judicial review. While this perhaps does not rise to the level of a "futility exception" to the requirement of exhaustion of remedies, it is another factor the court considers to deem the defendant's interpretation arbitrary and capricious. Accordingly, the defendant's motion to dismiss will be denied.

Turning to the motion for preliminary injunction, the granting of such relief is

appropriate when (1) the movant will suffer irreparable harm; (2) there is a substantial likelihood the movant will ultimately prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest. *Wyandotte Nation v. Sebelius,* 443 F.3d 1247, 1254-55 (10th Cir.2006). The court agrees with Magistrate Judge West that plaintiff has satisfied the first element, as it appears to be on the verge of financial ruin. The court also finds the second factor easily satisfied, as this court has previously found the challenged regulation invalid. No serious argument to the contrary appears possible about factors (3) and (4). Accordingly, the injunction will be granted.

It is the order of the court that the motion of the plaintiff for preliminary injunction (#8) is hereby granted. The motion of the defendant to dismiss (#23) is hereby denied. The motion of the plaintiff to expedite ruling (#29) is deemed moot.

Pursuant to Rule 65 F.R.Cv.P., the defendant is directed to stay any present or future demands for Medicare repayment from plaintiff pending resolution of plaintiff's claim for declaratory and injunctive relief in this case.

**IT IS SO ORDERED** this 19th day of NOVEMBER, 2010.

**Dated this 19th Day of November 2010.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0